**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALEXIS MANZO SEGURA, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01531-XR |
| | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY et al. | § | |
| *Respondents* | § | |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Petitioner Alexis Manzo Segura's Petition for Writ of Habeas Corpus (ECF No. 1).  After careful consideration, the Petition is **GRANTED.**  It is **ORDERED** that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Alexis Manzo Segura (File Number 201 813 527) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 10:00 a.m. on December 22, 2025.**

2.      Respondents must **NOTIFY** Petitioner's counsel by email[1] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3.      If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

---

[1] Mario R. Urizar, murizar@urizarlaw.com, (305) 790-3982.

4.      Respondents shall **FILE** a Status Report **no later than 6:00 p.m. December 22, 2025**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## BACKGROUND

Petitioner Alexis Manzo Segura, who is a native of Mexico, entered the United States without inspection at some point prior to June 18, 2021.  ECF No. 1 at 1; ECF No. 1-1 at 3.  In 2022, U.S. Citizenship and Immigration Services ("USCIS") granted Petitioner Special Immigration Juvenile status and deferred action.  ECF No. 1-1 at 3.  In September 2025, the Department of Homeland Security encountered Petitioner, detained him, and placed him in removal proceedings.  ECF No. 1 at 6; ECF No. 1-1 at 15.  Petitioner is currently detained in the Karnes County Detention Facility.

Respondents are detaining Petitioner without a bond hearing, based on a novel reading of 8 U.S.C. Section 1225(b)(2)(A) adopted by the Board of Immigration Appeals.  Under that reading, Section 1225(b)(2)(A) would generally require the detention of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted."  *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A).

## DISCUSSION

### I.  Analysis

The parties dispute whether the Court has jurisdiction to order the relief Petitioner has requested and whether Petitioner is entitled to that relief.  The Court considers its jurisdiction before turning to the merits.

a. Jurisdiction

As a general matter, the Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. Sections 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). Respondents argue that 8 U.S.C. Sections 1252(g) and (b)(9) divest the Court of jurisdiction here. The Court disagrees.

1. *Section 1252(g)*

Respondents first argue that Section 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)). Petitioner "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. . . . [H]e challenges the decision to detain him." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL

3

3158151, at *2 (N.D. Ill. Nov. 12, 2025). So Section 1252(g) does not divest the Court of jurisdiction.

2. *Section 1252(b)(9)*

Respondents next argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction.[2] Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship &*

---

[2] Respondents also cite 8 U.S.C. Section 1225(b)(4) for this argument. That section provides,

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

Respondents do not identify any decision "favorable to the admission of any alien" or allege that any "challenge" to such a decision has "operate[d] to take [Petitioner] before an immigration judge." 8 U.S.C. § 1225(b)(4). The relevance of this provision is not apparent.

*Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument that Section 1252(b)(9) deprives this Court of jurisdiction over Petitioner's petition fails for at least two reasons. First, Petitioner's claim—that Respondents lack "legal authority to subject [him] to mandatory detention under [Section] 1225 instead of detention with a bond hearing under [Section] 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Petitioner cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10). The core of this dispute is whether Petitioner can be detained with no bond hearing—that is, with no administrative opportunity to contest his detention—pending a removal determination. If Section 1252(b)(9) precluded this habeas petition, Petitioner's detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even *entertain* bond requests, *Matter of Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In short, the Court has jurisdiction to consider Petitioner's claims.

b. <u>Merits</u>

The remaining issue is whether Respondents can lawfully detain Petitioner without a bond hearing, pursuant to Section 1225(b)(2). Petitioner claims that Respondents lack statutory authority to detain him without a bond hearing and are violating his constitutional rights by doing so. *See* ECF No. 1. Because the Court agrees with Petitioner's statutory argument, it need not address his constitutional one.

Petitioner argues that Section 1225(b)(2) does not permit his detention and that he may only be detained under Section 1226(a). *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025). Respondents contend, on the other hand, that Petitioner falls under Section 1225(b)(2) because he is an "applicant for admission," which includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1).

The question is whether Section 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. If so, Section 1225(b)(2) makes Petitioner's detention mandatory. If not, Section 1226(a) applies, Petitioner's detention is discretionary, and he is entitled to a bond hearing if he remains detained. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have generally rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds those opinions generally persuasive and will not restate every rationale therein. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, it will focus on the two factors that most clearly command against Respondents' broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met: (1) the person is an "applicant for admission"; (2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the person "is not clearly and beyond a doubt entitled to be admitted." *Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

7

But at the time of Petitioner's detention, he was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained him in 2025, Petitioner was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289. Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)). So Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country." Respondents may not detain Petitioner under Section 1225(b)(2).

As Respondents do not claim that Petitioner is being detained under Section 1226, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). His detention is unlawful, and

8

habeas relief is proper. *See also* ECF No. 6 at 2–3 (Respondents' statement that "[t]he only relief available to Petitioner through habeas is release from custody").

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

5.    Respondents are **DIRECTED** to **RELEASE** Petitioner Alexis Manzo Segura (File Number 201 813 527) from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 10:00 a.m. on December 22, 2025.**

6.    Respondents must **NOTIFY** Petitioner's counsel by email[3] of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

7.    If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

8.    Respondents shall **FILE** a Status Report **no later than 6:00 p.m. December 22, 2025**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

A final judgment will issue separately.

---

[3] Mario R. Urizar, murizar@urizarlaw.com, (305) 790-3982.

It is so **ORDERED**.

**SIGNED** this 19th day of December, 2025.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE